IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-265-D

| | |
|---|---|
| JANET ANN DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On November 8, 2012, Janet Ann Dixon ("Dixon") moved to proceed in forma pauperis [D.E. 1]. On November 19, 2012, the court granted the motion [D.E. 3]. Dixon filed a complaint on the same day alleging that the Commissioner of Social Security ("Commissioner") wrongfully denied Dixon's application for Social Security disability benefits [D.E. 4].[1] On January 28, 2013, the Commissioner moved to dismiss Dixon's complaint as untimely [D.E. 10–11]. Dixon responded in opposition on February 6, 2013 [D.E. 12].

A claimant must file a civil action challenging a denial of benefits within sixty days of the date she receives notice of the agency's adverse decision. See 20 C.F.R. §§ 422.210(c), 416.1481. Receipt is presumed to occur five days after the agency mailed the decision unless there is a reasonable showing that the claimant did not receive the notice. Id. § 422.210(c). The Appeals Council mailed notice to Dixon on August 31, 2012. The court has reviewed the record, and concludes that Dixon did not actually receive notice of the Commissioner's adverse decision until

---

[1] Dixon sued Michael J. Astrue, who has since resigned. Carolyn W. Colvin is Acting Commissioner and is substituted as defendant. See Fed. R. Civ. P. 25(d).

October 2012. Therefore, the sixty-day limitations period began running in October 2012. Accordingly, Dixon's November 2012 complaint is timely. See McMahan v. Barnhart, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005). In light of this conclusion, the court need not address equitable tolling.

The Commissioner's motion to dismiss [D.E. 10] is DENIED.

SO ORDERED. This 23 day of April 2013.

JAMES C. DEVER III
Chief United States District Judge

2